RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAY -5  A 8: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Gabriel Randolph #248729,      )      C. A. No. 2:05-2249-MBS-RSC
                               )
            Plaintiff,         )
                               )
       -versus-               )      **REPORT AND RECOMMENDATION**
                               )
Anna Redfearn, Inmate          )
Grievance Coordinator at       )
Evans Correctional             )
Institiution; and Jon Ozmint,  )
Director of South Carolina     )
Department of Corrections,     )
                               )
            Defendants.        )

This civil rights action, brought by a state prisoner

proceeding pro se and in forma pauperis pursuant to 42 U.S.C. §

1983[1], is before the undersigned United States Magistrate Judge

for a report and recommendation on the parties' cross motions for

summary judgement.   28 U.S.C. § 636(b).

The plaintiff, Gabriel Randolph, filed this action on August

11, 2005, against Anna Redfern, Inmate Grievance Coordinator at

Evans Correctional Institution, and Jon Ozmint, the Director of

---

[1]  Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of Section 1983, titled a civil action for deprivation of
rights reads in relevant portion: the United States or other
person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress, except
that in any action brought against a judicial officer for an act
or omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

the South Carolina Department of Corrections (SCDC).   Randolph
complained that his constitutional rights were violated when
several grievances he attempted to file were returned to him
unprocessed, and, as a result, defendant Redfern did not
undertake an investigation of the matters which plaintiff
attempted to grieve.   Plaintiff acknowledged that Redfern
indicated on the grievances that they were returned to him
because he included more attachments with his grievances than is
allowed by the SCDC  Grievance Procedure.   He asserts this was
violative of the grievance procedure at the prison.   He also
asserted that, "I've wrote and file grievance on this and to SCDC
Director Mr. Jon Ozmint & SCDC Grievance Branch No respond from
either so I did this document of there action of violated my Due
Process right." (sic). (Complaint at pp. 3, 4).   Plaintiff seeks
damages and injunctive relief.

The defendants filed an answer on October 3, 2005, and
raised failure to exhaust administrative remedies as their second
affirmative defense.   On January 30, 2006, the defendants filed a
motion for summary judgment based in part on Plaintiff's failure
to exhaust his administrative remedies.   On February 1, 2006, the
plaintiff was provided a copy of the defendants' motion and was
given an explanation of dismissal and summary judgment procedure
as well as pertinent extracts from Rules 12 and 56 of the Federal
Rules of Civil Procedure similar to that required by <u>Roseboro v.</u>

2

Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff filed a
cross motion for summary judgment on February 14, 2006, which the
defendants opposed on February 21, 2006. Hence, it appears
consideration of the motions is appropriate.

### SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a district court must
enter judgment against a party who, "after adequate time for
discovery ... fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial."
Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552
(1986). Where "there is no genuine issue as to any material fact
and ... the moving party is entitled to judgment as a matter of
law," entry of summary judgment is mandated. Fed. R. Civ. P.
56(c). To avoid summary judgment on a defendant's motion, a
plaintiff must produce evidence creating a genuine issue of
material fact. "The mere existence of a scintilla of evidence in
support of the plaintiff's position will be insufficient; there
must be evidence on which the jury could reasonably find for the
plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252,
106 S.Ct. 2505, 2512 (1986). In determining whether a genuine
issue of material fact is in dispute, "[t]he evidence of the
nonmovant is to be believed, and all justifiable inferences are

3

to be drawn in his favor."  <u>Anderson</u>, at 255, 106 S.Ct. at
2513-14.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act (PLRA), "No action
shall be brought with respect to prison conditions[2] under § 1983
of this title, or any other Federal law, by a prisoner confined
in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."  42
U.S.C. § 1997e(a).  "There is no doubt that the PLRA's exhaustion
requirement is mandatory."  <u>Porter v. Nussle</u>, 534 U.S. 516, 524
(2002).  All available remedies must now be exhausted; those
remedies need not meet federal standards, nor must they be plain,
speedy, and effective.

Congress enacted the PLRA in an attempt to reduce the number
of frivolous civil rights cases filed by prisoners.  A
plaintiff's failure to exhaust administrative remedies under §
1997e(a) before filing the lawsuit is an affirmative defense that

---

[2] The Supreme Court recently held that the PLRA's exhaustion
requirement applies to all inmate suits about prison life,
whether they involve general circumstances or particular
episodes, and whether they allege excessive force of some other
wrong.  <u>Porter v. Nussle</u>, 534 U.S. 516 (2002).  Also, in <u>Booth v.
Churner</u>, 523 U.S. 731, 121 S.Ct. 1819 (2001), the Supreme Court
held that under § 1997e(a) a prisoner must exhaust his
administrative remedies even when the relief the prisoner seeks
(money damages) is not available in the prison grievance
proceedings.  <u>Id</u>. at 1825.

4

must be pled by the defendant.  Anderson v. XYZ Correctional
Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005).

The plaintiff has the burden of demonstrating that he had
exhausted the prison grievance procedure or that administrative
remedies were unavailable with respect to his claims before the
date of the filing of his § 1983 action.  See, Brown v. Tombs,
139 F.3d 1102, 1104 (6th Cir.), cert. denied, 119 S.Ct. 88
(1998).

**FACTS**

The facts either undisputed or according to the plaintiff as
the nonmoving party, with all reasonable inferences drawn in
favor of the plaintiff, are as follow.  Plaintiff used the
court's preprinted civil rights complaint form to bring his
complaint.  The form asks, "Did you file a grievance concerning
the claims you are raising in this matter?"  The plaintiff's
sworn response was "yes" and he indicated that he filed
grievances ECI-1631-05 and ECI-1472-05 about this matter and that
the final institutional answer or determination was rendered on
June 27, 2005.

Plaintiff attached grievance ECI-1472-05 to his complaint on
which the Institutional Grievance Co-ordinator indicated, "I/M
Randolph: Too many attachments! Returned to you unprocessed.  You
may resubmit with (1) attachment sheet. NLT 7-5-05."  Likewise,
the plaintiff attached grievance ECI-1631-05 to his complaint on

5

which the Institutional Grievance Co-ordinator indicated, "I/M Randolph: Your grievance again is being returned to you unprocessed because you have too many attachments."

## DISCUSSION

A review of the record and relevant case law indicates that the matter should be dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies.

It is undisputed that plaintiff filed first step grievances about the matter complained of here, but that those grievances were returned to him unprocessed because he included more that the single attachment allowed by the rules governing the prison grievance procedure. The plaintiff's response to the return of the grievances was not to resubmit them without too many attachments as he had been instructed, rather he filed the instant lawsuit. Still, the plaintiff mistakenly believes that he has complied with the PLRA's exhaustion requirement. The plaintiff is wrong.

To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim. Pozo v. McCaughtery, 286 F.3d. 1022, 1025 (7th Cir. 2002). Thus, an inmate, such as the plaintiff here, must actually and strictly comply with the requirements of the administrative processes. Simply filing a grievance which does not conform with the prison's rules does not suffice. Huze v. Segarra, 217 F. Supp.

6

2d. 394, 396 (S.D.N.Y. 2002) (and cases cited therein).  Further, the exhaustion requirement mandates that an inmate properly complete all steps of the administrative process available to him.  McCoy v. Goord, 255 F. Supp. 2d. 233, 246 (S.D.N.Y. 2003); Santos v. Hauck, 242 F. Supp. 2d. 257, 259-60 (W.D.N.Y. 2003). In short, the defendants are entitled to dismissal of the complaint against them if an inmate fails to exhaust or only partially exhausts administrative remedies.  Massey v. Wheeler, 221 F.3d. 1030, 104 (7th Cir. 2000).

Here it appears that the exhaustion requirement set forth by the PLRA was not complied with and the court is precluded from reaching the merits of the complaint.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the complaint be dismissed without prejudice for failure to comply with the exhaustion requirement of the PLRA. All other motions should be deemed moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
May 4, 2006

7

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report
> has the same effects as would a failure to object.  The district court's
> attention is not focused on any specific issues for review, thereby
> making the initial reference to the [magistrate judge] useless. * * *
> This duplication of time and effort wastes judicial resources rather
> than saving them, and runs contrary to the purposes of the
> Magistrates Act. * * *  We would hardly countenance an appellant's
> brief simply objecting to the district court's determination without
> explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only
> 'I object' preserves no issue for review. * * * A district judge should not have to guess
> what arguments an objecting party depends on when reviewing a [magistrate judge's]
> report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina  29402**