IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gabriel Randolph, #249729, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:05-2249-MBS-RSC |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| Anna Redfearn, Inmate Grievance Coordinator at Evans Correctional Institution; and Jon Ozmint, Director of South Carolina Department of Corrections, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Gabriel Randolph is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC"). He filed this action against Defendants Anna Redfearn and Jon Ozmint on August 11, 2005, alleging that his constitutional rights were violated when a grievance that he filed pursuant to the SCDC inmate grievance system on June 20, 2005 was returned to him unprocessed. On January 30, 2006, Defendants filed a motion for summary judgment, in which they claim that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because he submitted grievances that were not in proper form. More specifically, Defendants claim that Plaintiff's grievances were returned to him unprocessed because he submitted attachments in excess of the page limitations provided under the inmate grievance system. By order dated February 1, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and dismissal procedures and the possible consequences for failure to respond adequately. Plaintiff filed his response in opposition to Defendants' motion for summary judgment on February 21, 2006.

1

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on May 5, 2006 in which he recommended that the captioned matter be dismissed without prejudice for failure to comply with the exhaustion requirement of the PLRA. Plaintiff filed objections to the Report and Recommendation on May 19, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a de novo review of every portion of the Report and Recommendation to which objections have been filed. Id. However, the court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff contends that Defendants refused to process his grievance in contravention of the the SCDC inmate grievance system. As of January 1, 2006, the SCDC inmate grievance system explicitly provided that an inmate would be given only one additional page to complete his grievance. See SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, INMATE GRIEVANCE SYSTEM, GA-01.12, ¶ 13.1 (January 1, 2006) (providing that "[i]f an inmate needs additional space to

complete their grievance, only one additional page will be permitted."). This requirement was not enumerated in the SCDC policy at the time that Plaintiff filed his grievance in June 2005. See SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, INMATE GRIEVANCE SYSTEM, GA-01.12, ¶ 13.1 (November 1, 2004). Nevertheless, Plaintiff was advised on each grievance form that he submitted that his grievance contained too many attachments and would be processed when it was submitted with only one additional page attached.

Defendants gave Plaintiff a reasonable opportunity to file a grievance. To argue that he was unable to exhaust his administrative remedies, Plaintiff must show that he attempted to utilize all available remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677(4th Cir. 2005) (noting that "[a]ll available remedies must be exhausted" in order to comply with the PLRA's exhaustion requirement). In addition, a plaintiff's failure to comply with a prison's preferred grievance procedure will be excused only in cases where the procedure did not satisfy minimum standards of fairness. See Nasim v. Warden, Maryland House of Correction, 84 F.3d 951 (4th Cir. 1995). Defendants informed Plaintiff that his grievances would be processed when he submitted a grievance form with no more than one additional page attached. Plaintiff only needed to re-submit his grievance in proper form to have his claim redressed. As such, Plaintiff's objection is without merit.

For the foregoing reasons, the court adopts the Magistrate Judge's recommendation that the

captioned matter be dismissed without prejudice for failure to exhaust adminstrative remedies.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Court Judge

Dated: June 13, 2006
Columbia, South Carolina

4